FILED

2021 May-04  PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KINSLEY KORNEGAY, a minor, by**<br>**and through her parent and guardian,**<br>**MATTHEW KORNEGAY** )<br>)<br>) | **CASE NO.: 2:21-cv-00505-SGC__** |
| **Plaintiff,** ) | |
| **v.** )<br>) | |
| **HIGH POINT BIRMINGHAM, LLC**<br>**and HIGH POINT CLIMBING LLC** )<br>)<br>) | |
| **Defendants.** ) | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and files this First Amended Complaint against the defendants and in support thereof would show as follows:

## PARTIES

1.     The Plaintiff, Kinsley Kornegay ("Kinsley"), is a minor under the age of nineteen (19) years, and resides in Shelby County, Alabama.

2.     Matthew Kornegay ("Mr. Kornegay), Kinsley's father, was at all times relevant hereto an individual over the age of nineteen (19) years and a resident citizen of Shelby County, Alabama.

3.     Defendant, High Point Birmingham, LLC (hereinafter referred to collectively with High Point Climbing LLC as "High Point"), is a foreign limited

liability corporation organized and existing under the laws of the State of Tennessee having its principal place of business located at 219 Broad Street, Chattanooga, TN 37402 and routinely conducts business in Shelby County, Alabama. This LLC has two members: John P. O'Brien, Jr. and John Wiygul. Both members are citizens of the State of Tennessee.

4.      Defendant, High Point Climbing LLC (hereinafter referred to collectively with High Point Climbing LLC as "High Point"), is a foreign limited liability corporation organized and existing under the laws of the State of Tennessee having its principal place of business located at 219 Broad Street, Chattanooga, TN 37402 and routinely conducts business in Shelby County, Alabama.  This LLC has two members: John P. O'Brien, Jr. and John Wiygul. Both members are citizens of the State of Tennessee.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) based upon the complete diversity of the parties. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the events or omissions giving rise to the claims occurred within this judicial district. Specifically, Kinsley's injuries caused by High Point's conduct were sustained within this district. High Point conducts business in this

judicial district to include, but not limited to, operating a fitness and rock-climbing center in Shelby County, Alabama.

## FACTS COMMON TO ALL COUNTS

7.      On August 2, 2019, Kinsley's friends invited her to go climb the rock walls at High Point's climbing center at 4766 Highway 280, Birmingham, Alabama 35242. Kinsley was twelve years (12) old at the time, and her friends that were there were roughly the same ages.

8.      Kinsley had never been to any High Point climbing facility before the day at issue. She had never done any rock climbing at all.

9.      Kinsley rode to High Point with her friend's parent. Neither of Kinsley's parents were present.

10.      Once at High Point, the employees provided Kinsley and her friends with climbing harnesses and briefly illustrated how to use the auto-belay devices, which allow climbers to climb up the wall by themselves and then the device will slowly release the climber back to the ground when the climbers release themselves from the wall. She relied on High Point's agents and employees for guidance, instruction, and supervision.

11.      Kinsley was in invitee on High Point's property as a patron of its business. She relied on High Point to provide her with a safe environment.

12.     After the brief equipment illustration, Kinsley and her friends were allowed to climb the rock walls without any further supervision or assistance from High Point.

13.     Kinsley and one of her friends eventually found their way to a rock wall that was approximately twenty-five (25) feet tall and climbed it together.

14.     Once they reached the top, they counted down from three (3) and pushed off the wall, expecting that they would be slowly lowered back to the ground.

15.      Instead, Kinsley dropped like a stone from the top of the wall to the ground, hitting feet first and falling backwards.

16.     She remembers looking up from the ground and seeing her friend still slowly lowering from the wall.

17.     Both of Kinsley's ankles fractured when she hit the ground.

18.     High Point has video footage of Kinsley's fall.

19.     There were High Point employees working at the time of Kinsley's injuries, but they were all socializing together in the lobby instead of supervising the children that were climbing on the twenty-five (25) foot wall.

20.     Had High Point provided adequate training and/or supervision, Kinsley would not have fallen and fractured both her ankles.

21.     Prior to Kinsley's fall, there had been other falls on other days at High Point's facilities.

22.     After she sustained the injuries, Kinsley was immediately taken for medical treatment. She had to wear casts on both legs for six (6) weeks and refrain from activities for many months.

23.     The injuries she sustained due to High Point's conduct caused and continue to cause Kinsley immense pain, suffering, and emotional distress, to miss out on many of the joys of being a child, and probable permanent damage to her ankles.

24.     Kinsley continues to struggle with her ankle injuries when she plays sports or does other physical activities.

## COUNT I
## NEGLIGENCE

25.     Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

26.     High Point owed a duty to Kinsley as a patron of its business to adequately train her how to climb at its facility safely.

27.     High Point owed a duty to Kinsley as a patron of its business and as a minor to ensure that she was adequately supervised by High Point staff while climbing at its facility.

28.     High Point owed a duty to Kinsley as a patron of its business to provide her with working safety equipment that would allow her to climb at its facility safely.

29.     High Point failed to use reasonable care when it did not adequately train Kinsley on how to climb at its facility safely.

30.     High Point failed to use reasonable care when it did not adequately supervise Kinsley while she was climbing at its facility.

31.     High Point failed to use reasonable care when it did not provide her with working safety equipment that would allow her to climb at its facility safely.

32.     At the aforesaid time and place, and for some time prior thereto, High Point had the supervisory authority and was charged with the hiring, training, supervising, and retaining of its agents and employees. High Point negligently or wantonly exercised or failed to hire, train, supervise, and retain its agents and employees and said negligent or wanton conduct was a proximate cause of Kinsley's injuries and damages.

33.     High Point's failures to use reasonable care towards Kinsley caused her to fall from the top of a high climbing wall and fracture both of her ankles, which required her to undergo extensive medical treatment.

34.     High Point negligently failed to provide Kinsley with a safe environment.

35.     High Point's negligence caused Kinsley physical injury, past and future medical bills, immense pain and suffering and emotional distress, to miss out on many of the joys of being a child, and likely caused permanent damage to her ankles.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as a jury deems reasonable and may award after a trial on the merits of this action.

## COUNT II
## WANTONESS

36.    Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

37.    High Point and its agents and employees who were at the facility when Kinsley suffered her injuries acted with reckless and conscious disregard of Kinsley's safety.

38.    High Point and its agents and employees were aware that failing to adequately train and supervise Kinsley or provide her with working safety gear while she was climbing their 25-foot rock wall would likely result in harm to Kinsley.

39.    There had been other falls at High Point's facilities before Kinsley's.

40.    Despite being aware of the dangers, High Point and its employees allowed Kinsley to climb at its facility without properly training and supervising her or providing her with working safety equipment.

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict in her favor, and against the Defendant and that it award damages to her in an amount which will adequately compensate her for the injuries and damages sustained due to the Defendant's conduct. Also, on the basis of the foregoing,

7

Plaintiff requests that a jury be selected to hear this case and render a verdict for Plaintiff, and against the Defendant, and that it award exemplary damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendant's wrong, and prevent others similarly situated from engaging in similar acts. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award the Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## **JURY DEMAND**

Plaintiff herein demands a trial by jury on all issues.

Dated: May 4, 2021                    Respectfully submitted,

*/s/ Austin Whitten*_____
Michael C. Bradley (BRA094)
Austin B. Whitten (WHI165)
**PITTMAN,     DUTTON,     HELLUMS,
BRADLEY & MANN P.C.**
2001 Park Place North
Suite 1100
Birmingham, AL 35203
Tel: (205) 322-8880
Fax: (205) 328-2711
Email: mikeb@pittmandutton.com
Email: austinw@pittmandutton.com

*Attorneys for Plaintiff*

**<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:</u>**

HIGH POINT BIRMINGHAM, LLC
4766 Highway 280
Birmingham, AL 35242

HIGH POINT CLIMBING LLC
c/o Tony Levy
4766 Highway 280
Birmingham, AL 35242