FILED

2021 May-25  AM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| KINSLEY KORNEGAY, a minor, by and through her parent and guardian, MATTHEW KORNEGAY, | ) ) ) | Case No.: 2:21-cv-00505-SGC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| HIGH POINT BIRMINGHAM, LLC and HIGH POINT CLIMBING, LLC, | ) ) | |
| Defendants. | ) | |
| _____ | ) | |

### ANSWER

COMES NOW the Defendant, High Point Birmingham, LLC, and answers the first amended complaint in this matter as follows:

### PARTIES

1.      Admitted on information and belief.

2.      Admitted on information and belief.

3.      Defendant admits it is a foreign limited liability corporation and further admits no members of the Defendant LLC are citizens of the State of Alabama.

4.      Defendant does not have sufficient information to admit or deny this averment.

## JURISDICTION

5.      Defendant does not contest jurisdiction and but has insufficient information to admit venue.

6.      Defendant denies plaintiff was injured by its conduct, but admits the amount claimed satisfies the jurisdictional requirements.

## FACTS COMMON TO ALL ACCOUNTS

7.      Defendant admits plaintiff, Kinsley Kornegay was present at the facility on August 2, 2019. Defendant has insufficient information to admit or deny the remainder of the averment.

8.      Defendant has insufficient information to admit or deny this averment.

9.      Defendant does not know how plaintiff Kinsley Kornegay arrived at the facility. Defendant admits her parents were not present.

10.     Defendant denies plaintiff Kinsley Kornegay relied on the defendant or its employees for guidance, instruction, or supervision after the initial orientation. Defendant admits plaintiff Kinsley Kornegay received instructions on the safe use of the equipment but denies the employee "briefly" illustrated the use of the equipment as alleged in this averment.

11.     Defendant pleads this averment is a legal conclusion which does not require an admission or denial.

12.     Denied.

13.     Denied.

14.     Defendant has insufficient information to admit or deny this averment.

15.     Defendant admits plaintiff Kinsley Kornegay fell from the climbing wall.

16.     Defendant has insufficient information to admit or deny this averment.

17.     Defendant has insufficient information to admit or deny this averment.

18.     Admitted.

19.     Denied.

20.     Denied.

21.     Defendant a history of similar incidents to Kinsley Kornegay's fall.

22.     Defendant has insufficient information to admit or deny the medical care and treatment plaintiff Kinsley Kornegay received; the defendant denies the adults with plaintiff Kinsley Kornegay immediately took her for medical treatment.

23.     Defendant denies plaintiff's injuries were caused by its conduct.

24.     Defendant has insufficient information to admit or deny this averment.

## COUNT I: NEGLIGENCE

25.     Defendant reincorporates its previous answers as it is fully set out herein.

26.     This averment calls for a legal conclusion; the defendant denies breaching any duty legally owed to plaintiff Kinsley Kornegay.

27.     This averment calls for a legal conclusion; the defendant denies breaching any duty legally owed to plaintiff Kinsley Kornegay.

28.     This averment calls for a legal conclusion; the defendant denies breaching any duty legally owed to plaintiff Kinsley Kornegay.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

As to the unnumbered paragraph following Paragraph 35 in the complaint, Defendant denies plaintiff is entitled to any judgment against it whatsoever and demands strict proof thereof.

## COUNT II: WANTONESS

36.     Defendant reincorporates its previous answers as it is fully set out herein.

37.     Denied.

38.     This averment is argumentative; it cannot be admitted or denied without

creating the impression the underlying premise that plaintiff was not provided adequate training, or that the defendant had an obligation to supervise her, is true. Defendant denies she was not adequately instructed and denies an obligation to supervise her at the time of her fall.

39.     Denied.

40.     Denied.

Defendant denies plaintiff is entitled to any award or judgment against it whatsoever and demands strict proof thereof.

## JURY DEMAND

Defendant pleads plaintiff has waived her right to a jury trial; defendant will file a separate motion to strike the jury demand subsequent to this responsive pleading.

## AFFIRMATIVE DEFENSES

1.     Defendant pleads the general issue.

2.     Defendant pleads not guilty.

3.     Defendant pleads contributory negligence.

4.     Defendant pleads assumption of risk.

5.     Defendant pleads, to avoid waiver, improper venue.

6.     Defendant pleads the complaint fails to state a claim upon which relief may be granted.

7.     Defendant pleads Plaintiff has waived her right to a jury trial and defendant hereby asserts this waiver and does not consent to a trial by jury.

8.     Defendant pleads its right to indemnity pursuant to the waiver and release executed by plaintiff Kinsley Kornegay's parents.

9.     Defendant pleads the application of the collateral source doctrine in regard to any damages, claim or loss paid in full or in part by any third party, including any insurance provider.

10.     Defendant pleads Plaintiff may be barred, in whole or in part, from recovery because of res judicata and/or judicial estoppel and/or collateral estoppel and/or equitable estoppel.

11.     Defendant pleads subsequent or intervening cause.

12.     Defendant pleads lack of causation.

13.     Defendant pleads Plaintiff has failed to mitigate damages in accordance with the law.

14.     Defendant pleads estoppel.

15.     Defendant pleads plaintiff's injuries and damages were caused by third parties over of Defendant has no responsibility or control.

16.     Defendant pleads last clear chance.

17.   The Defendant pleads any award of punitive damages is unwarranted and violative of the due process clauses of the United State and Alabama Constitutions.

18.   The Plaintiff cannot recover punitive damages against the Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the United States and Alabama Constitutions unless the Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

19.   The Defendant denies that it is guilty of any conduct which would entitle the Plaintiff to recover punitive damages.

20.   The Defendant pleads the applicable limitations of punitive damages as passed by the legislature the Alabama Legislature in Code of Alabama § 6-11-20 *et seq.*

21.   The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

22.   The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

23.     The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests

24.     The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

25.     The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant are entitled to the same procedural safeguards afforded to criminal Defendant.

26.     The Defendant avers it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against them, which are penal in nature, yet compel them to disclose potentially incriminating documents and evidence.

27.     The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

28.     The Defendant avers that any award of punitive damages to the in this case will be violative of the Eight Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

29.     The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901, in that the damages would be an excessive fine.

30.     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

31.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article 1, Section 15 of the Constitution of Alabama.

32.     The claims of the Plaintiff for punitive damages cannot be sustained because an award of punitive damages is not subject to a pre-determined limit on the

amount a jury may impose, and therefore may violate the Defendant's due process rights guaranteed for the Fourteenth Amendment to the United States Constitution and by the due process of the provisions of the Alabama Constitution.

33.    The claims of the Plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury the (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendant's procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for the due process, equal protection, and guarantee against double jeopardy.

34.     Any award of punitive damages based on anything other than individual Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

35.     Any award of punitive damages in this case would violate the Defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the Equal Protection Clause of the United States Constitution and the Constitution of the State of Alabama.

36.     The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary,

fundamentally unfair and utterly irrational in violation of due process. *See Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); *id.* at 914 (Houston, J., dissenting); *Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. *See Honda Motor Co., Ltd. v. Berg*, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

37.     The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

38.     The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to each Defendant's alleged conduct in this matter

or to any alleged harm to the Plaintiff and may dwarf legislatively-established fines for comparable conduct. A punitive damage award in the absence of such guidelines of standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause in violation of Article I, § 15 of the Alabama Constitution.

39.     To permit the imposition of punitive damages against the Defendant on a joint and several liability basis would deprive each Defendant of his/her/its rights to due process of law and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, 13 and 22 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than the Defendant or the Defendant's agents or employees and/or without apportionment of damages based on the degree of culpability of the Defendant, if any.

40.     The Plaintiff's claim for punitive damages violates the Due Process Clause of Article l, Section 6 of the Constitution of Alabama on the following separate and several grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

(e) The award of punitive damages in this case would constitute deprivation of property without due process of law;

(f) The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

(g) The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages;

(h) The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

41.     The Plaintiff's claim(s) for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following separate and several grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose

punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of an award against The Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and

the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the

imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

42.    The Defendant avers that the imposition of punitive damages in this case without any limitations or guidelines for the jury will violate the defendant's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

43.    The Defendant avers § 6-11-21 Alabama Code (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by the Plaintiff in this case.

44.    The Defendant avers the public policy of the State of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limited on punitive damages recoverable (if any) by the Plaintiff and that Plaintiff cannot recover more than the limit established by the public policy of this state.

45.    The Defendant denies any acts or omission which gives rise to Plaintiff's recovery of punitive damages in this case, but should a jury award

punitive damages, in a verdict of more than the amount allowable under Alabama Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

46.     The Defendant reserves the right to assert additional affirmative defenses as discovery progresses.


Respectfully submitted,


*/s/ Neal D. Moore, III*
Neal D. Moore, III (ASB-3971-M73N)
Jeremy S. Hazelton (ASB-1481-M76H)
*Attorneys for Defendant,*
*High Point Birmingham, LLC*


**OF COUNSEL:**
**MOORE, YOUNG, FOSTER & HAZELTON, LLP**
1122 Edenton Street
Birmingham, Alabama 35242
Telephone: (205) 879-8722
Email: nmoore@my-defense.com  | jhazelton@my-defense.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 25th day of May, 2021 a copy of the foregoing document has been served upon counsel of record listed below via electronic filing:

Michael C. Brandley
Austin B. Whitten
PITTMAN DUTTON HELUMS BRADLEY & MANN, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203
mikeb@pittmmandutton.com
austinw@pittmandutton.com
*Attorneys for Plaintiff*

*/s/ Neal D. Moore, III*
OF COUNSEL