FILED
2023 Mar-10 PM 01:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 8
# High Point's Interrogatory Responses



PLAINTIFF'S EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KINSLEY KORNEGAY, a minor, by and through her parent and guardian, MATTHEW KORNEGAY,<br><br>Plaintiff,<br><br>v.<br><br>HIGH POINT BIRMINGHAM, LLC and HIGH POINT CLIMBING, LLC<br><br>Defendants. | CASE NO.: 2:21-cv-00505-SGC |

## HIGH POINT BIRMINGHAM, LLC's ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

1. Please identify all persons you expect to call to testify at trial.

   **ANSWER:** Defendant has made no decision with respect to its potential trial witnesses and will supplement this response in accordance with the *Federal Rules of Civil Procedure* and/or the Court's applicable scheduling order.

2. Describe how Kinsley Kornegay became injured at High Point's Birmingham, Alabama facility on August 2, 2019.

   **ANSWER:** Defendant objects to this Interrogatory to the extent it is vague, ambiguous, and ill-defined. Subject to and without waiving said objection, Plaintiff failed to clip into the device as instructed and after reaching the top of the wall she let go and fell to the ground.

3. Have there been any other incidents similar to Your response in Interrogatory No. 2 that resulted in injuries to High Point's patrons in the past seven (7) years? If so, please identify the date and location of the incident(s) and provide a general description of each.

(Plaintiffs are not requesting the names or personal information of the patrons involved in these incidents.)

**ANSWER: Defendant objects to this Interrogatory to the extent it is vague, ill-defined, irrelevant, and improperly limited in time and/or scope. Subject to and without waiving said objection, there have been similar instances where patrons did not follow instructions and failed to clip in which resulted in a fall. In the past 3 years, there have been 12 such incidents: 1 in Huntsville, AL; 1 in Memphis, TN; 3 in Birmingham, AL; 1 at the Chattanooga, TN Riverside location; and 7 at the Chattanooga, TN Downtown location.**

4. Identify the names and job responsibilities of all persons, whether paid or unpaid, who were working at High Point's Birmingham, Alabama facility on August 2, 2019.

**ANSWER: Ashlyn Brown – GM; Hannah Staubach – Supervisor; Tim Gully – General staff; Kyle Bartkiewicz – Summer Camp staff. Additional staff arrived after 4 p.m.**

5. Describe the job training High Point provided to each of the employees identified in Interrogatory No. 4 prior to August 2, 2019.

**ANSWER: Defendant objects to this Interrogatory to the extent it is vague, overly broad, ill-defined, and irrelevant. Subject to and without waiving said objection, all employees are taught how to run front desk operations, give orientations, and perform belay tests. More advanced duties such as teaching, coaching, or becoming a supervisor are based on experience and further training. All employees train with Supervisors and shadow other staff.**

6. Identify the High Point employee or employees who were tasked with supervising Kinsley Kornegay while she was climbing at High Point on August 2, 2019.

**ANSWER: Defendant objects to this Interrogatory to the extent it is vague, misleading and ill-defined. The individuals tasked with supervising Plaintiff while she was climbing were the adult chaperones responsible for Plaintiff as acknowledged by them in the signed documentation, posted gym rules, and orientation.**

7. Describe all training or qualifications provided or required by High Point for climbing instructors and any other employees who instruct patrons on how to use the auto-belay device.

**ANSWER: Defendant objects to this Interrogatory to the extent it is vague, overly broad, ill-defined and improperly limited in scope. Subject to and without waiving said objection, see Response to Interrogatory No. 5.**

8. Describe High Point's policies and procedures for supervising minor patrons that are climbing at its facilities.

**ANSWER: Defendant objects to this Interrogatory to the extent it is vague, misleading and ill-defined. The supervision of patrons below the age of 14 is the responsibility of the required adult chaperone(s) who acknowledge such responsibility in signed documentation, posted gym rules, and orientation prior to climbing at the facility.**

9. List all licenses, permits, certifications, or other business qualifications that have been issued to High Point.

**ANSWER: Defendant objects to this Interrogatory to the extent it is vague, overly broad, ill-defined, and misleading. Defendant is issued standard business licenses in order to operate its facilities.**

10. Identify the manufacturer and model of the auto-belay devices used at High Point on August 2, 2019.

**ANSWER: Perfect Descent model 220.**

11. Did any High Point employee personally instruct Kinsley Kornegay on how to use auto-belay devices prior to her fall at Your facility on August 2, 2019? If "yes," please identify the person or persons who instructed her.

**ANSWER: Yes. Tim Gully performed the orientation instruction for Plaintiff and the other children and adult chaperones in her group.**

12. List the name(s), address(es), and telephone number(s) of all persons known to You, excluding your attorney, who may have knowledge or information regarding the events which are subject to this action.

**ANSWER:** See Response to Interrogatory No. 4, with the exception of Kyle Bartkiewicz who left when his shift ended and before Plaintiff arrived. The others can be contacted c/o Moore, Young, Foster & Hazelton, LLP, 1122 Edenton Street, Birmingham, AL 35242, 205-879-8722; Nick Medlen, 1109 Richeytown Road, Eastaboga, AL 36260, 256-493-7601.

13. Describe Your relationship with Your co-defendant in this case.

**ANSWER:** Defendant objects to this Interrogatory to the extent it is vague, overly broad, ill-defined, and irrelevant. Subject to and without waiving said objection, High Point Birmingham, LLC ("HPB") is a separate and distinct entity from High Point Climbing, LLC ("HPC"). HPB is the property owner at the Birmingham, AL facility which it leases to HPC.

_____
High Point Birmingham, LLC

**STATE OF** _____ )

**COUNTY OF** _____ )

Before me, the undersigned authority, a notary public, in and for said county and state, personally appeared _____ who being by me first duly sworn and who being known to me, deposes and says that the facts set out in the foregoing responses are true and correct, to the best of her knowledge, information and belief.

Sworn to and subscribed before me on this the ____ day of September, 2021.

_____
Notary Public
My Commission Expires:_____

AS TO OBJECTIONS:

*/s/ Jeremy S. Hazelton*
Jeremy S. Hazelton (ASB-1481-M76H)
*Attorney for Defendant*

**OF COUNSEL:**
**MOORE, YOUNG, FOSTER & HAZELTON, LLP**
1122 Edenton Street
Birmingham, Alabama 35242
T: (205) 879-8722 | F: (205) 879-8831
Email: nmoore@my-defense.com | jhazelton@my-defense.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, a true and correct copy of the foregoing was served by electronic mail to the following counsel of record:

Austin B. Whitten
Michael C. Bradley
**Pittman, Dutton & Hellums, P.C.**
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203

*/s/ Jeremy S. Hazelton*
OF COUNSEL