UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KINSLEY KORNEGAY, a minor, by and through her parent and guardian, MATTHEW KORNEGAY, <br><br> Plaintiff, <br><br> v. <br><br> HIGH POINT BIRMINGHAM, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 2:21-cv-00505-NAD |

## ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE

1. This case is **SET** for trial on **MONDAY, December 4, 2023, at 9:00 AM** in Courtroom 3B of the Hugo Black Federal Courthouse, 1729 5th Avenue North, Birmingham, Alabama, 35203. This is a "hard" trial-date setting, and not a trial-ready date.

2. This case is **SET** for an initial, *telephonic* Pretrial Conference on **TUESDAY, November 14, 2023, at 1:00 PM**. The parties should dial 205-931-0422 and enter conference ID 944 622 412# to participate in the call.

3. This case is **SET** for a Final Pretrial Conference on **THURSDAY, November 30, 2023, at 10:00 AM** in Courtroom 3B of the Hugo L. Black Courthouse (see above). Counsel of record are requested to notify any attorneys subsequently appearing in this case of the scheduled conference.

1

4. The Standard Pretrial Procedures specified in **Exhibit A** (attached) are adopted as part of this order.

5. The parties are required to follow the court's Civil Administrative Procedures Manual (revised May 2021).[1] If evidence introduced at trial includes personal information, sealed documents, or documents and/or information subject to a protective order, the parties are directed to comply with sections II.I and IV.C of the Administrative Procedures Manual. The foregoing also applies to the trial transcript, which will be public record. If private and/or confidential information is mentioned in court, compliance with the Administrative Procedures Manual may require testimony to be stricken or partially redacted.

6. In addition, the pretrial schedule is as follows[2]:

a. Motions *in limine*: Motions *in limine* shall be filed at least **twenty-eight (28) days** before the scheduled trial date and shall be accompanied by supporting memoranda. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible. Any opposition briefs shall be filed at least **fourteen (14) days** before the scheduled trial date. Parties shall not file more than five (5) motions *in limine* without leave of court. No reply briefs are allowed on motions *in limine*

---

[1] Available at https://www.alnd.uscourts.gov/sites/alnd/files/AL-N%20Civil%20Administrative%20Procedures%20Manual.Revision.05-18-2021.pdf.

[2] A chart summarizing the standard pretrial schedule is attached as **Exhibit B**.

without leave of court.

      b.  Trial briefs:  <u>No trial briefs are required.</u>  Any party may file a trial brief at least **twenty-eight (28) days** before the scheduled trial date.  If a party files a trial brief, any opposing party may file a responsive trial brief at least **fourteen (14) days** before the scheduled trial date.  Any trial brief shall be limited to no more than <u>ten (10) pages</u> in length without leave of court.  <u>No reply trial briefs</u> are allowed without leave of court.

      c.  Joint proposed pretrial order:  The parties shall submit a joint proposed pretrial order to chambers in Word format at danella_chambers@alnd.uscourts.gov at least **fourteen (14) days** before the scheduled trial date.  A sample proposed pretrial order is attached as **<u>Exhibit C</u>** for the convenience and use of the parties.

      d.  Proposed *voir dire* (in a jury case):  The parties shall jointly submit any special questions or topics for *voir dire* examination of the jury venire to chambers in Word format at danella_chambers@alnd.uscourts.gov at least **fourteen (14) days** before the scheduled trial date.  Where the parties cannot agree, counsel shall identify the question as disputed in bold type and indicate which party is requesting the disputed question.  The court's civil *voir dire* template may be found on the court's website, and counsel need not include the items covered by the court.

      e.  Proposed jury charges (in a jury case):  The parties shall file a joint proposed jury charge, including all necessary instructions and/or definitions

applicable to the specific issues of the case at least **fourteen (14) days** before the scheduled trial date. The court's preliminary and standard instructions may be found on the court's website and need not be submitted to the court. Each requested instruction must be numbered with authority cited. Counsel are to include all necessary instructions and/or definitions, specifically including the following: (1) the prima facie elements of each claim for relief and defense asserted; (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculation of damages. Counsel are to use the 11th Circuit Pattern Jury Instructions, or appropriate state pattern jury instructions, as modified by case law or statutory amendments, wherever possible. Any deviations must be identified and accompanied by legal authority for the proposed deviation. Where the parties cannot agree, counsel shall identify the item as disputed in bold type and indicate which party is requesting the disputed language. Accompanying each instruction shall be all authority or related materials on which each party relies. A copy shall be emailed in Word format to chambers at danella_chambers@alnd.uscourts.gov.

    f. Proposed verdict forms or interrogatories for submission to the jury (in a jury case): The parties shall file any requested verdict forms or interrogatories for submission to the jury at least **fourteen (14) days** before the scheduled trial date. Copies shall be emailed in Word format to chambers at

danella_chambers@alnd.uscourts.gov.

    **DONE** and **ORDERED** this September 8, 2023.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# STANDARD PRETRIAL PROCEDURES

1. DAMAGES. (a) At least **twenty-eight (28) days** before the scheduled trial date, a party claiming damages or seeking relief shall file a list itemizing all damages and equitable relief being claimed or sought, showing the amount and, where applicable, the legal basis, and the method and basis of computation.  This list shall include any claim for attorneys' fees.

(b) As to any claimed damages or relief, at least **fourteen (14) days** before the scheduled trial date, a party may serve and file a list disclosing any *legal* objection(s), together with the grounds, that may be made to the claims on such list—including to any claim for attorneys' fees.

2. WITNESSES. (a) Unless specifically agreed by the parties or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness, including expert witnesses, not listed on the party's witness list, which shall be filed at least **thirty-five (35) days** before the scheduled trial date.  On receipt of witness lists, the parties shall immediately meet and confer regarding any objections to the listed witnesses.  Most objections should be cured by discussion.  The listing of a witness does not commit the party to have such witness available at trial or to call such witness to testify but does preclude the party from objecting to the presentation of such witness' testimony by another party.  Witness lists may not be amended or supplemented without leave of court.

(b) The party's witness list must designate all witnesses for whom the offering party expects to introduce testimony by means of deposition, and shall include a listing of the specific lines and pages of the deposition to be offered.  As stated above, on receipt of witness lists, the parties shall immediately meet and confer regarding any objections to the listed witnesses—including those for whom the offering party expects to introduce testimony by means of deposition.  Most objections should be cured by discussion.  At least **fourteen (14) days** before the scheduled trial date, a party must (1) disclose any additional deposition passages to be offered—i.e., "counter-designations"—and/or (2) disclose any objections to the opposing party's use of designated deposition testimony under Rule 32 or Rule 26(a)(3)(B).  Any objections to deposition testimony should be accompanied by excerpts of deposition testimony to which the objection relates.  Objections not disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause.

(c) In addition, as to any witness (including expert witnesses), at least **fourteen (14) days** before the scheduled trial date, a party may serve and file a list disclosing any objection, together with the grounds, that may be made to the opposing party's *calling* such witness to testify at trial at all.  As stated above, on receipt of witness lists, the parties shall immediately meet and confer regarding any objections to the listed witnesses, and most objections should be cured by discussion. Other objections may be appropriate for motions *in limine* or for trial.

3. EXHIBITS. (a) Unless specifically agreed by the parties or allowed by the court for good cause shown, the parties shall be precluded from offering in evidence any exhibit not listed on the party's exhibit list, which shall be filed at least **thirty-five (35) days** before the scheduled trial date.  On receipt of exhibit lists, the parties shall immediately meet and confer regarding any objections to the listed exhibits. Most objections should be cured by discussion, and the parties should stipulate as to the admissibility of as many exhibits as possible.

(b) As to any document or other exhibit, including summaries of other evidence shown on such exhibit list, at least **fourteen (14) days** before the scheduled trial date, a party may serve and file a list disclosing any objection, together with the grounds, that may be made to the admissibility of materials identified on such list. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.  Except where beyond the party's control or otherwise impractical (e.g., records from an independent third party being obtained by subpoena), each party shall make exhibits on the party's exhibit list available for inspection and copying.

(c) Each party shall "premark" its exhibits before trial using exhibit labels and exhibit lists available from the Clerk of Court. **Each party offering an exhibit shall also provide the courtroom deputy with a Portable Document Format ("PDF") version of every exhibit offered at trial for inclusion in the electronic record.** Before the scheduled trial date, a copy of the exhibit list with the premarked numbers shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection.  In addition to the premarked trial exhibits mentioned above, the court requests for the bench an exhibit notebook of anticipated trial exhibits (to the extent possible and practical). The notebook should include a copy of the exhibit list referenced above.

# EXHIBIT B
# STANDARD PRETRIAL SCHEDULE

| Date | Documents/Conferences |
|---|---|
| **35 Days** Before Trial Date | <ul><li>Witness lists</li><li>Deposition disclosures/designations</li><li>Exhibit lists</li></ul> |
| **28 Days** Before Trial Date | <ul><li>Motions *in limine* and accompanying memoranda</li><li>Trial briefs (if any)</li><li>Damages lists (incl. attorneys' fees)</li></ul> |
| **21 Days** Before Trial Date | Initial, *Telephonic* Pretrial Conference |
| **14 Days** Before Trial Date | <ul><li>Opposition briefs on motions *in limine*</li><li>Responsive trial briefs (if any)</li><li>Joint proposed pretrial order</li><li>Proposed *voir dire* (jury case)</li><li>Proposed jury charges (jury case)</li><li>Proposed verdict forms/interrogatories (jury case)</li><li>Objections to damages lists</li><li>Objections to witness lists</li><li>Objections to deposition disclosures/designations</li><li>Deposition counter-designations</li><li>Objections to exhibit lists</li></ul> |
| **4 Days** Before Trial Date | Final Pretrial Conference |
| **Trial Date** | <ul><li>Premarked exhibits</li><li>Exhibit notebook</li></ul> |

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
Choose an item. **DIVISION**

| | | |
|---|---|---|
| Plaintiff(s)., | ) | |
| | ) | |
| Choose an item., | ) | |
| | ) | |
| v. | ) | Case No.:  Case Number. |
| | ) | |
| Defendant(s)., | ) | |
| | ) | |
| Choose an item.. | ) | |

# [SAMPLE/PROPOSED] PRETRIAL ORDER[1]

A pretrial conference was held in this case on (date).  As a result, the following proceedings were held and action taken:

1. APPEARANCES.  Appearing at the conference were:

   [Include a line for each party in the case.]

2. JURISDICTION AND VENUE.

   [List each statute, rule, or case authorizing the court's subject matter jurisdiction in this action.  Also state whether personal jurisdiction and/or venue are contested.  If personal jurisdiction or venue is contested, briefly set out the relevant arguments.]

---

[1] This Sample Proposed Pretrial Order form may be accessed at www.alnd.uscourts.gov; Judge's Info, Magistrate Judges, Magistrate Judge Nicholas A. Danella, Civil Forms, Sample Proposed Pretrial Order.

3. PARTIES AND TRIAL COUNSEL.  The parties before the court and designated trial counsel are correctly named as set out below:

   Parties:                                   Trial Counsel:
   [Include a line for each party in the case.]

4. PLEADINGS.  The following pleadings have been allowed:

   [List the pleadings in the order in which they were filed and allowed.  Do not include pleadings that have been stricken or otherwise disallowed.]

5. STATEMENT OF THE CASE.

   a. Agreed Summary:  [The agreed summary should be concise (typically no more than three or four sentences) and appropriate for the court to use in advising the jury during *voir dire* regarding the basic nature of the case.]

   b. Stipulated Facts:  [The parties shall set out in separate numbered paragraphs each fact on which the parties agree and on which no proof is required.  The parties are reminded that the court expects them to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement.  In a jury trial, this section will be read to the jury, and the jury will be instructed to accept these facts as true.]

   c. Contested Issues of Fact:  [In separately numbered paragraphs, list all factual issues in controversy that are necessary for a final determination of the case.]

   d. Agreed Applicable Propositions of Law:  [List the basic principles of law that the parties agree are essential to a determination of the case—e.g., the elements of plaintiff's claims and defendant's defenses. These statements of law should be suitable for use by the court in preliminary instructions to the jury.]

   e. Plaintiff's Positions:  [Insert brief statement, typically <1 page.]

   f. Defendant's Positions:  [Insert brief statement, typically <1 page.]

6. DISCOVERY AND OTHER PRETRIAL PROCEDURES.

   a. All discovery was completed by (date), and no further discovery is required / / The parties are given leave to proceed with further discovery provided it is commenced in time to be completed by (date).

   b. Pending Motions: [In separately numbered paragraphs, list all pending motions or state that there are no motions pending.]

7. SPECIAL MEDICAL PROVISIONS. [Where applicable.]

   Counsel for all parties are granted the right to inspect and copy all hospital and medical reports relative to the medical care, treatment, diagnosis, condition, and history of (individual's name), as well as the right to interview (in person or otherwise) all physicians, administrators, and other personnel in connection therewith.  Pursuant to HIPAA, a copy of this order shall constitute sufficient authority for such inspection, copying, or interview, and to authorize medical providers to supply such information and interviews.

8. **THIS ORDER INCORPORATES THE REQUIREMENTS AND SCHEDULE IN THE COURT'S PRIOR "ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE," INCLUDING EXHIBITS A & B TO THAT ORDER (DOC. \_\_\_, ENTERED ON \_\_\_).**