FILED
2024 Sep-03 PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **KINSLEY KORNEGAY, a minor, by and through her parent and guardian, MATTHEW KORNEGAY,**<br><br>      **Plaintiff,**<br>**v.**<br><br>**HIGH POINT BIRMINGHAM, LLC and HIGH POINT CLIMBING, LLC,**<br><br>      **Defendants.** | Case No.: 2:21-cv-00505-NAD |

_____

### PRO AMI JUDGMENT AND FINAL ORDER
_____

This cause came before the Court on the Parties' Joint Petition to Approve Pro Ami Settlement and representation by the Parties that a compromised settlement has been reached between all Parties to the case, subject to and conditioned upon the Court's consideration of evidence and approval of the proposed settlement. On August 15, 2024, Plaintiffs, Matthew Kornegay, as father and next friend of minor, Kinsley Kornegay, were present with their attorney, Michael C. Bradley, with the Pittman Dutton Hellums Bradley & Mann, P.C. law firm, along with counsel for Defendants High Point Birmingham LLC and High Point Climbing, LLC, and the

Court Appointed Guardian *ad Litem*, Gaynor St. John, Esq. The Court heard evidence brought before it under oath through the testimony of Plaintiff and the minor child. The Court also considered evidence regarding the nature and extent of the injuries to the minor child, and the representations and recommendations of the Guardian *ad Litem*. The Guardian *ad Litem* indicated to the Court that the proposed settlement is fair, reasonable, and in the best interest of the minor, and has recommended to the Court that the said settlement be approved. The Court, having considered the Parties' Joint Petition, has been advised that the parties have reached a compromised settlement of all claims in the amount of **TWO HUNDRED SEVENTY THOUSAND AND NO/100 DOLLARS ($270,000.00)** for the minor Plaintiff, Kinsley Kornegay. The Court specifically determines that the amount of the agreed settlement is just and fair, and that the acceptance of same is in the best interest of said minor child.

## FINDINGS OF FACT

The Court, upon hearing the evidence in this case, makes the following findings of fact:

1. The plaintiff, Mathew Kornegay, is the natural father and a custodial parent of Kinsley Kornegay, a minor ("the minor plaintiff").
2. The minor plaintiff is 17 years of age with a date of birth of February 15, 2007. The plaintiffs reside at 213 Deer Trace, West Blocton, Alabama 35174.

3. Defendants, High Point Birmingham LLC and High Point Climbing, LLC, are foreign corporations doing business in Alabama.
4. On or about August 2, 2019, the minor plaintiff was injured as a result of a fall from a climbing wall at a premises owned, operated, and managed by the defendants.
5. The minor plaintiff claimed that injuries as a result of the fall were bi-lateral ankle fractures.
6. The injuries required conservative medical treatment, multiple surgical interventions, and physical therapy.
7. The minor plaintiff's treating orthopedic surgeon testified that the minor plaintiff is unlikely to suffer any permanent impairment or disability. The surgeon also testified that any related future surgery will be elective on the part of the minor plaintiff.
8. Plaintiff, Mathew Kornegay, entered into a contingency fee agreement with Plaintiffs' attorneys to represent the minor plaintiff in her claims and litigation. The contingency fee agreement is for an attorneys' fee of forty percent (40%) of the gross recovery, before the deduction of all reasonable and related litigation expenses.
9. The plaintiffs caused a lawsuit to be filed on April 9, 2021, and this matter has been vigorously litigated since. The Court notes that this matter involves a claim under Alabama premises liability law, which necessarily involves proof of liability, causation, and damages. The Court understands from the pleadings, evidence submitted to the Court during the course of this litigation, and representations of counsel for the parties that there is a substantial dispute as to liability, causation, and damages. Additionally, the Court recognizes that counsel for all parties thoroughly briefed all relevant issues in this matter, which resulted in the entry of the Court's August 23, 2023, *Memorandum*

*Opinion and Order Granting in part and Denying in part Defendants' Motion for Summary Judgment (Document 41).*

10. The Court finds that there are factual questions and conflicts concerning the potential liability of defendants, so as to create substantial and real issues as to whether or not the defendants would be liable for the damages claimed by the minor plaintiff. The Court recognizes the uncertainty, for all parties, of a jury trial.

11. The Court finds that all of the minor plaintiff's related medical treatment was covered by Blue Cross/Blue Shield of Alabama ("BCBSAL"). The total subrogation claim of BCBSAL for medical treatment expenses paid in this matter is $24,252.87. Further, there are no unpaid medical bills outstanding in connection with the minor plaintiff's medical treatment applicable to this case, and the plaintiffs have paid no out-of-pocket medical costs.

12. The Court finds that Medicare has paid no portion of the medical bills related to this matter, and that the minor plaintiff was not Medicare eligible at the time of the occurrence and when medical treatment was provided.

13. The plaintiffs and their attorneys represented to the Court that they communicated and negotiated with BCBSAL regarding this settlement, and that BCBSAL agreed to accept $14,551.72 in full satisfaction of its subrogation claim for the medical expenses in this matter. The plaintiffs and their attorneys agree that Plaintiffs' attorney will send payment directly to BCBSAL out of the settlement funds to satisfy the subrogation claim. Plaintiffs agree to release, indemnify and hold harmless the defendants, defendants' insurer, and attorneys in this matter from the subrogation claim of BCBSAL, including but not limited to all costs and attorney's fees incurred in the defense against any suits or claims arising out of the subrogation claim.

14. The parties have entered into a settlement agreement for a settlement of the minor plaintiff's claims.

15. It is understood and agreed that this settlement agreement and Order is the result of a compromise of a disputed claim and shall never at any time for any purpose be considered as an admission of liability or wrongdoing by the defendants or any other parties released by this order who continue to categorically deny any and all liability or fault whatsoever to Plaintiffs or any other persons for the subject occurrence.

16. Plaintiff, Mathew Kornegay, was presented with options for the disposition of the minor plaintiff's net settlement proceeds. Plaintiff, Mathew Kornegay, considered a conservatorship for the minor plaintiff and structured annuity payments. Plaintiff, Mathew Kornegay, reasonably chose a structured annuity for the use and benefit of the minor plaintiff, which the Court finds to be reasonable and in the minor plaintiff's best interests.

17. The plaintiffs' attorneys are experienced in handling personal injury claims and litigation (including the significant responsibility of those claims of minors), are of good reputation, and in good standing with the Alabama State Bar Association.

18. The litigation expenses are a reasonable $13,639.82.

19. The attorneys' fees are, pursuant to the above-referenced fee agreement, $108,000.00 (40% of the gross recovery) and reasonable for premises liability claims.

20. The Court hereby finds that the said settlement terms are fair, reasonable, just, proper, and in the best interest of the minor plaintiff. Furthermore, the Court finds that Mathew Kornegay has the sole authority to act on behalf of the minor plaintiff in this matter.

# JUDGMENT

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED:

1. The settlement proposed by the parties is approved.

2. The provisions in paragraphs 1-20 above are merged into and made a part of this Judgment.

3. Judgment is hereby entered in favor of the plaintiffs and against the defendants in the amount of **TWO HUNDRED SEVENTY THOUSAND AND NO/100 DOLLARS ($270,000.00)**. Said settlement to be paid and satisfied as hereinafter provided.

4. As such, Defendants' liability carrier is hereby **ORDERED** to pay the total sum of **TWO HUNDRED SEVENTY THOUSAND AND NO/100 DOLLARS ($270,000.00)** to be disbursed as follows:

   A. **ONE HUNDRED THIRTY-THREE THOUSAND EIGHT HUNDRED EIGHT AND 46/100 DOLLARS ($133,808.46)** of the total settlement proceeds shall be made payable to Pacific Life & Annuity Services, Inc. for the benefit of Kinsley Kornegay. Periodic payments to Kinsley Kornegay shall be made as set forth in "Exhibit A" to this Order.

   B. **ONE HUNDRED THIRTY-SIX THOUSAND ONE-HUNDRED NINETY-ONE AND 54/100 DOLLARS ($136,191.54)** payable to the Pittman Dutton Hellums Bradley & Mann, P.C. law firm to be distributed by said law firm as follows:

   (1) **ONE HUNDRED EIGHT THOUSAND AND 00/100 ($108,000)** to

> Pittman Dutton Hellums Bradley & Mann, P.C. for its reasonable fees in this case.
>
> (2) **THIRTEEN THOUSAND SIX-HUNDRED THIRTY-NINE AND 82/100 ($13,639.82)** to Pittman Dutton Hellums Bradley & Mann, P.C. as reimbursement of its reasonable litigation expenses in this case.
>
> (3) **FOURTEEN THOUSAND FIVE-HUDRED FIFTY-ONE AND 72/100 DOLLARS ($14,551.72)** to BCBSAL to satisfy its subrogation claim.

5. That upon payment and distribution of the above-mentioned sums, the Defendants, High Point Birmingham, LLC and High Point Climbing, LLC, as well as their heirs, agents, subsidiaries, and affiliates, are released from any and all liability on account of or in any way arising out of the accident which occurred on or about August 2, 2019, including, but without limitation, any and all known or unknown claims for bodily or personal injury to the minor plaintiff, and as a consequence of which has resulted, or which may result in the future from the injuries and damages allegedly sustained in the accident made the basis of this lawsuit. The judgment of this Court against the Defendants shall be conclusively satisfied and canceled as of record without any further action being required.

6. That the Court orders that a fee of **$1,625.00** be paid to the Guardian *ad Litem*, Gaynor L. St. John, Esq., for her work on behalf of and representation of the minor, Kinsley Kornegay, to be assessed against Defendants' liability insurance carrier.

7. Costs are taxed as paid.

The Court hereby orders that this matter is hereby settled and complete. This Order is a full and conditional release of Defendants, High Point Birmingham, LLC and High Point Climbing, LLC, from any and all claims, damages, costs, fees, expenses, injuries or loss of any kind, claimed or which could be claimed, by minor, Kinsley Kornegay. This lawsuit is dismissed, with prejudice, costs taxed as above ordered.

**DONE** and **ORDERED** this September 3, 2024.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE